IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON COLLINS<br>*Individually and on behalf of all others similarly situated*<br>25800 Bowman Acres Lane<br>Damascus, MD 20872-1206<br><br>                    Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA<br>(A Municipal Corporation)<br>Fire And Emergency Medical Services Department<br>2000 14th Street, N.W.<br>5th Floor<br>Washington, DC 20009<br><br><br>Serve: Office of Mayor Muriel Bowser<br>         1350 Pennsylvania Ave, N.W.<br>         Washington, DC 20004<br><br>Serve: Office of Attorney General Karl<br>         Racine<br>         400 6th St. NW<br>         Washington, DC 20001<br><br>                    Defendant. | Case No:<br><br><br><br>**COLLECTIVE ACTION COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

**COLLECTIVE ACTION COMPLAINT**

By and through his undersigned counsel, Plaintiff Jason Collins, individually and on behalf of all others similarly situated, hereby brings this Collective Action against the District of Columbia Fire And Emergency Medical Services Department to recover unpaid overtime compensation, liquidated damages, attorney's fees, costs and other relief as appropriate under the

1

Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq*. Plaintiff's allegations herein are based upon knowledge as to matters relating to himself and upon information and belief as to all other matters:

## JURISDICTION AND VENUE

1. The subject matter jurisdiction of the Court is invoked pursuant 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue lies in in this District pursuant to 28 U.S.C. § 1391 as Defendant resides in the District of Columbia and the events or omissions giving rise to this claim occurred in this District.

## PARTIES

3. Plaintiff Jason Collins is a firefighter working for the District of Columbia Fire and Emergency Medical Services Department ("FEMS").

4. Defendant District of Columbia Fire and Emergency Medical Services Department ("FEMS") is an administrative division of the District of Columbia. The District of Columbia is an employer and public agency as defined under FLSA. 29 U.S.C § 203(d) and 29 U.S.C. § 203(x). FEMS principal office is located at 2000 14th Street, N.W., 5th Floor, Washington, DC 20009.  The central office for the District of Columbia is located at 1350 Pennsylvania Ave, N.W., Washington, DC 20004.

## STATEMENT OF FACTS

5. On March 11, 2020, Muriel Bowser, Mayor of the District of Columbia declared a Public Emergency (Mayor's Order 2020-045) and Public Health Emergency (Mayor's Order 2020-046) in the District as a result of the spread of Covid-19 and the ongoing global pandemic.

6. The Public Emergency and the Public Health Emergency were extended

numerous times throughout the pandemic until the Public Health Emergency was terminated by order on July 25, 2021 due to the availability of vaccines and improving health metrics. Mayor's Order 2021-096. The Public Emergency is set to expire January 7, 2022. *See* Mayor's Order 2021-119.

7. Firefighters are first responders who must physically report to work. The nature of the job includes medical calls and close proximity to others, which has put them at heightened risk of exposure to Covid-19 on a daily basis during the pandemic. In Washington D.C., since the start of the pandemic, there have been 62,240 positive Covid-19 cases and 1,190 known deaths.

8. On April 14, 2020, Mayor Bower authorized a $14 per diem premium payment for District employees who were physically required to report to work, up to $140 per pay period. The email to employees announced the premium pay, effective immediately, was retroactive to the government's March 16 shift to modified operations and would continue throughout the emergency.

9. A Special Order signed by Gregory Dean, Fire and EMS Chief, effective April 21, 2020, provided supplemental details about the hazard pay for FEMS employees. Special Order, Per Diem Supplemental Direct Deposit, 2020-102. The Fire Chief clarified that the hazard pay was "based on hours worked for employees on shift work." Employees who reported for all their regularly scheduled tours of duty during a pay period were eligible for the full $140 in premium pay.

10. During the time period from March 16, 2020 to July 25, 2021, Plaintiff and those similarly situated have physically reported to work and were eligible for and did receive the premium pay authorized by the Mayor.

11. Consistent with Section 7(k) of the Fair Labor Standards Act, and as set forth in

the collective bargaining unit between the District of Columbia and the International Association of Firefighters Local 36, AFL-CIO, MWC, Plaintiff Collins and those similarly situated are entitled to overtime pay equal to one and one-half times their regular rate of pay. Overtime, for employees whose duties include fire suppression, is defined as all hours worked in excess of 42 averaged over a four-week period.

12. During the time period beginning March 16, 2020 and extending through the end of the Public Health Emergency on July 25, 2021, Plaintiff and those similarly situated have regularly worked in excess of 42 hours averaged over a four-week period and have been paid overtime for those hours but a rate that does not include hazard premiums.

13. For example, an exemplar pay stub for Plaintiff for pay period 7/19/2020-8/01/2020, shows a regular rate of $39.157967 and an overtime rate of $58.736951, which is one and one-half times the stated regular rate without accounting for the hazard premium.

14. The Fair Labor Standards Act and its implementing regulations require that the regular rate of pay include all forms of renumeration including "such extra premiums as night shift differentials… and premiums paid for hazardous, arduous, or dirty work." 29 C.F.R. §778.207(b).

15. As a result of Defendant's violations of the Fair Labor Standards Act, Defendant is liable to Plaintiff and those similarly situated for unpaid wages, liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE

## FAIR LABOR STANDARDS ACT

16. Pursuant to 29 U.S.C § 216(b), Plaintiff brings this action on behalf of all District employees working through the Fire and Emergency Medical Services Department who (a) were eligible for and received the $14 per diem hazard pay in their pay checks for work performed from March 16, 2020-July 25, 2021 and (b) whose overtime rates during this period did not account for their hazard pay as required by FLSA and its implementing regulations.

17. Plaintiff and Collective Action Members are "similarly situated" as that term is used 29 U.S.C § 216(b) because, among other things, all such individuals were eligible for and did receive hazard pay but such hazard pay was not considered a part of their regular rate of pay for determining overtime as statutorily required.

18. Resolution of this action requires inquiry into common facts.

19. These similarly situated individuals are known to the Defendant, are readily identifiable, and can be located through Defendant's payroll records, which Defendant is required to maintain pursuant to the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516 *et seq*.

20. Conditional certification of this case as a collective action pursuant to 29 U.S.C § 216(b) is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means including email and allowed to opt in for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages and/or interest, and attorneys' fees and costs under the Fair Labor Standards Act.

21. There are many similarly situated current and former District employees working under FEMS who have not been paid their statutorily-required overtime rates and who would

benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

## COUNT 1
**VIOLATION OF THE FEDERAL LABOR STANDARDS ACT—OVERTIME**

22. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

23. The District of Columbia is an employer within the meaning of 29 U.S.C § 203(d) and 29 U.S.C. § 203(x).

24. Plaintiff is an employee within the meaning of 29 U.S.C. § 203(e).

25. Section 207(a) and (k) of the FLSA, as well as its implementing regulations, require that an employer include all forms of renumeration when calculating the rate at which overtime is paid, including "premiums paid for hazardous, arduous, or dirty work." 29 C.F.R. § 778.207(b).

26. The District of Columbia failed to include the hazard premium into the regular rate of pay for Plaintiff and all others similarly situated when calculating overtime rates. The failure to include this renumeration in overtime computations violates Section 7(a) and 7(k) of the FLSA, because Defendant's employees are working overtime without being paid the statutorily required rates. 29 U.S.C § 207(a) and 29 U.S.C. § 207(k).

27. Defendant's violations of the FLSA were willful, intentional, and in bad faith.

28. Plaintiff and all others similarly situated are entitled to backpay as well as liquidated damages in an amount equal to their back pay. As a result of Defendant's violations of FLSA, Plaintiff and all others similarly situated are owed overtime wages at a rate to be calculated by taking the difference between the overtime they should have received during the relevant time period and the overtime they did receive during the time period calculated using the incorrect regular rate. The exact amount is to be determined and can be readily determined

using payroll and other employment records Defendant is statutorily required to maintain under FLSA 29 U.S.C. § 211(c).

29. Plaintiff and all others similarly situated are entitled to back pay and liquidated damages in an amount equal to their back pay, as well as reasonable attorney's fees, costs and other relief as appropriate under the statute. 29 U.S.C. § 216(b).

## Prayer for Relief

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, prays for judgment as follows:

a. Designation of this action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and an order directing Defendant to provide to Plaintiff a list of all persons employed by them who (a) were eligible for and did receive the $14 per diem from March 16, 2020-July 25, 2021 on at least one pay check and (b) who received any overtime compensation from March 16, 2020-July 25, 2021. This list shall include the last known address, email, and telephone number of each such person, so that Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate;

b. A complete accounting of all the compensation Plaintiff and all others similarly situated are owed;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

d. An award of recovered backpay and an equal amount in liquidated damages;

e. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

f.  An award of prejudgment and post-judgment interest;

g.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees, and an award of a service payment to the Plaintiff; and

h.  Such other and further relief as this Court deems just and proper.

Dated: November 8, 2021                    Respectfully submitted,

MIGLIACCIO & RATHOD LLP

*/s/ Jason S. Rathod*
Jason S. Rathod, Esq. (D.C. Bar No. 1000882)
Nicholas A. Migliaccio, Esq. (D.C. Bar No.484366)
**MIGLIACCIO & RATHOD LLP**
412 H St., NE
Suite 302
Washington, DC 20002
(202) 470-3520 (Tel.)
(202) 800-2730 (Fax)
jrathod@classlawdc.com
nmigliaccio@classlawdc.com